

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

David Kaplan
Phone: (212) 356-1175
Dakaplan@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/2024

**BY ECF**
Hon. Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

April 15, 2024

Re: *Mason v. Banks et al.*
23-CV-11108 (CM)

Dear Judge McMahon:

*[handwritten: OK /s/ Colleen McMahon 4/17/2024]*

I am the Assistant Corporation Counsel assigned to represent the Defendants in the above matter. In anticipation of the scheduled initial pre-trial conference (IPTC), and in accordance with Your Honor's rules, I write jointly with Plaintiff's counsel, Rory J. Bellantoni, Esq., to provide the Court with the Parties' positions regarding the IPTC and proposed briefing schedule.

Plaintiff brings this action under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA") to appeal an administrative decision issued by the Office of State Review. The matter centers on whether the State Review Officer ("SRO") erred in finding that the Department of Education ("DOE") offered the Student A.D. a free and appropriate public education ("FAPE") for the 2022-2023 school year. The Parties agree that an IPTC and/or mediation would be unnecessary. The Parties believe this matter can be resolved through motions for summary judgment based upon the certified administrative record. The Plaintiff has requested a copy of the certified administrative record from the Office of State Review and are waiting for receipt of the same.

The Parties expect receipt of the record within 4-6 weeks and jointly propose that upon receipt, the certified record be filed under seal, with a courtesy copy to be provided to Defendants. Given the 4-6 week processing time of the Office of State Review, the Parties anticipate receiving a copy of the certified record by May 27, 2024.

The Parties disagree on whether the SRO erred finding that the DOE provided the Student a FAPE for the 2022-2023 school year. The Parties, therefore, do not believe the IPTC or mediation would be helpful or beneficial in resolving the Plaintiff's claims. The Parties propose the following briefing schedule in anticipation of receipt of the certified record on May 27, 2024:

June 17, 2024: Plaintiff to file her Motion for Summary Judgment;

July 18, 2024: Defendants to file their Cross-Motion for Summary Judgment;

August 8, 2024: Plaintiff to file her Opposition, Further Reply;

August 23, 2024: Defendants to file their Reply.

Kindly note that the Parties *do not* consent to conduct all further proceedings before the Magistrate and that no formal discovery is required beyond filing the certified administrative record.

Moreover, it is also respectfully submitted that because the inquiry here is not whether there are disputed issues of fact, the Rule 56.1 statements should be waived. While in IDEA actions, "the parties and the court typically style the decision as a ruling on a motion for summary judgment, [] 'the procedure is in substance an appeal from an administrative determination, not a summary judgment motion.'" *Bd. Of Educ. v. C.S.*, 990 F.3d 156, 165 (2d Cir. 2021) (quoting *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 226 (2d Cir. 2012). Because the Parties' motions will be based solely on the administrative record, the Parties jointly and respectfully request that the Court waive the submission of 56.1 statements.

Further, the Parties respectfully request that the conference scheduled for April 18, 2024, be adjourned *sine die*.

The Parties thank the Court for its consideration in this matter.

Respectfully,

s/ *David Kaplan*

David Kaplan
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007

Cc: Rory J. Bellantoni, Esq.
    Brain Injury Rights Group, Ltd.
    300 East 95th Street, Suite 130
    New York, New York 10128
    *Via ECF*